IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO. 12-192-1 |
| | : | |
| JEFFREY HARRISON | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                    October 31, 2025

A seventy-two-year-old man sentenced to 224 months in custody in May 2013 expects to be released from custody in January 2028. He twice moved for a reduced sentence including based on his view of the unfairness of his sentence compared to a co-defendant. We denied his motions. He now seeks compassionate release arguing he presents extraordinary and compelling reasons for us to reduce his sentence by six months and order his release over twenty months from now. He asks we consider a combination of his health conditions, age, years in custody including during the difficult COVID-19 years, the unfairness of his sentence (an argument already denied), as well as continued rehabilitation. We are guided by the United States Sentencing Commission's extensive guidance widely expanded since our repeated review of compassionate release motions during the pandemic. We appreciate the man's continued efforts at rehabilitation. But he does not offer sufficient basis to find extraordinary and compelling reasons for us to alter his sentence and release him six months earlier. We deny his motion for compassionate release without prejudice.

**I.   Facts**

Jeffrey Harrison pleaded guilty to Hobbs Act robbery and use of a firearm during a crime of violence. Judge Tucker sentenced him in May 2013 to a 224-month term of imprisonment followed by five years of supervised release.[1] Mr. Harrison has served approximately 164 months

of the term and, adding twenty-three months of good conduct time credit, has a total of 187 months served, approximately eighty-three percent of his sentence. Mr. Harrison's minimum release date is January 13, 2028.

Mr. Harrison, now seventy-two-years-old, moves for compassionate release asking us to reduce his sentence by six months. He asserts extraordinary and compelling reasons based on his age and health condition, the amount of time already served, the disparity in sentencing of his co-defendant, difficult conditions during the COVID-19 pandemic, his rehabilitation and institutional record, and his low risk of recidivism.[2] The United States opposes his Motion.[3]

## II. Analysis

Congress through the First Step Act allows incarcerated persons to move for compassionate release if we find sentence reduction is "(1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors of 18 U.S.C. § 3553(a), to the extent they are applicable."[4]

Congress delegated to the Sentencing Commission the responsibility of "promulgating general policy statements" regarding sentence modification in section 3582(c)(1)(A) of the Act; the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction."[5]

The Commission's policy statement is contained in section 1B1.13 of the United States Sentencing Commission Guidelines.[6] The policy statement allows for a reduction in sentence if, after considering the factors in section 3553(a), to the extent applicable, we determine extraordinary and compelling reasons warrant the reduction, or the defendant is at least seventy years old and served at least thirty years in prison, the defendant is not a danger to the safety or

2

any other person or the community under section 3142(g), and the reduction is consistent with the Commission's policy statement.[7] The Sentencing Commission defines "extraordinary and compelling reasons" to include certain medical circumstances, age, family circumstances, whether the defendant is a victim of abuse, "other reasons," or an unusually long sentence.[8] The Commission's policy statements are "generally binding" on us.[9]

Mr. Harrison seeks release under section 1B1.13(b)(5)'s catchall "other reasons" for a sentence reduction arguing he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."[10] Paragraphs (1) through (4) include medical circumstances, age, family circumstances, and victim of abuse as within the scope of extraordinary and compelling.

Mr. Harrison argues we should consider a constellation of reasons which, taken together, are extraordinary and compelling reasons for a reduction in sentence: his age and medical conditions including hypertension and high cholesterol; the amount of time served; sentencing disparity; prison conditions; rehabilitation and his record while incarcerated; and his low risk for recidivism.

The United States responds Mr. Harrison does not meet extraordinary and compelling reasons for relief. We agree with the United States and deny Mr. Harrison's motion.

***Age and medical concerns within the confines of the correctional institution.***

Mr. Harrison is seventy-two-years-old and takes medication for high blood pressure and high cholesterol to reduce the risk of stroke and heart attack.[11] He asserts his age and medical conditions while incarcerated increases his risk of serious health complications.

3

The Sentencing Commission's policy recognizes age as an extraordinary and compelling reason where a defendant is at least sixty-five-years-old, is experiencing a "serious deterioration in physical or mental health because of the aging process," and served at least ten years or 75% of his term of imprisonment, whichever is less.[12]

The Commission recognizes medical circumstances as an extraordinary and compelling reason where (1) a defendant suffers from a terminal illness, meaning "a serious and advanced illness with an end-of-life trajectory" including metastatic cancer, amyotrophic lateral sclerosis, end-state organ disease, and advanced dementia; (2) the defendant suffers from a serious physical or medical condition, a serious functional or cognitive impairment, or is experiencing deteriorating physical or mental health because of the aging process "substantially diminish[ing] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he … is not expected to recover"; (3) the defendant suffers from a medical condition requiring long-term of specialized medical care not being provided and without which the defendant is at risk of serious deterioration in health or death; and (4) the defendant is housed at a correctional facility affected or at imminent risk of being affected by an ongoing outbreak of infectious disease or a declared ongoing public health emergency, and, because of personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or ongoing public health emergency, and the risk cannot be adequately mitigated in a timely manner.[13]

The United States responds Mr. Harrison is in good health and continues to be treated for the common conditions of hypertension and high cholesterol. The United States represents it does not have medical records for Mr. Harrison for the past year because he has not sought medical care for any reason during the past year other than to obtain his prescription medications to treat his

4

hypertension and high cholesterol. Mr. Harrison's annual check-up is scheduled for December 16, 2025. The United States contends Mr. Harrison does not show "a serious deterioration in physical or mental health because of the aging process" constituting an extraordinary or compelling reason required by section 1B1.13(b)(2). We agree.

We also find Mr. Harrison did not show medical circumstances meeting the extraordinary and compelling reasons required for us to reduce his sentence under section 1B1.13(b)(1). Mr. Harrison does not assert he suffers from a terminal illness, suffers from a serious physical or medical condition, a serious functional or cognitive impairment, or is experiencing deteriorating physical or mental health because of the aging process substantially diminishing his ability to provide self-care within his facility and from which he is not expected to recover. Mr. Harrison does not assert the facility is not treating his medical conditions.

Mr. Harrison asserts difficult prison conditions during the COVID-19 pandemic justified extraordinary and compelling reasons for compassionate release. But even during the height of the pandemic, the "mere existence" of COVID-19 and the possibility it may spread to a particular correctional institution "alone cannot independently justify compassionate release."[14] The pandemic alone is not an extraordinary and compelling reason to justify compassionate release.

Mr. Harrison's age and medical conditions within the conditions of his correctional institution do not constitute extraordinary and compelling reasons for a reduction in sentence.

### *Amount of time served and sentencing disparity with co-defendant.*

Mr. Harrison served approximately eighty-three percent of his sentence to date. He seeks a six-month reduction in sentence and release to a halfway house.[15] Mr. Harrison first asserts Judge Tucker intended to impose a 188-month sentence, not a 224-month sentence. Mr. Harrison relies on Judge Tucker's July 9, 2021 Order denying his first motion for compassionate release.[16] In a

footnote explaining her decision, Judge Tucker referred to a 188-month term of imprisonment.[17] We assume this is a typographical error; Judge Tucker's May 31, 2013 Judgment plainly imposes a 224-month term of imprisonment.[18]

Mr. Harrison also argues his co-defendant received a lower sentence (186-month term of imprisonment) and is now released from custody. But this argument challenges the validity of his sentence properly raised in a timely section 2255 motion and not through a motion for compassionate release. Judge Tucker denied Mr. Harrison's section 2255 motion seeking a modification of his sentence over four years ago.[19] And the duration of a lawfully imposed sentence does not create an extraordinary or compelling circumstance.[20] We have no basis to challenge Judge Tucker's considered sentencing. She found different levels of incarceration to be warranted. Mr. Harrison offers no reason to find Judge Tucker's reasoned distinction between sentences among co-defendants is an extraordinary and compelling reason for reducing his sentence by six months.

### *Rehabilitation, institutional record, low risk of recidivism.*

Mr. Harrison next argues he demonstrates positive steps toward rehabilitation including completion of educational programs, substance abuse programs, the life connection program, and continues to work in the UNICOR program (job training and practical work skills program) while incarcerated. He asserts he has not incurred an infraction in over ten years and is classified as a low risk for recidivism under the Bureau of Prison's pattern score.

We commend Mr. Harrison's efforts toward rehabilitation. But "[re]habilitation alone shall not be considered an extraordinary and compelling reason" for compassionate release.[21] We may consider rehabilitation "in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."[22] As explained,

6

none of Mr. Harrison's arguments considered individually or collectively warrant a reduction in his sentence. We applaud Mr. Harrison's efforts at rehabilitation. But he is acting as we expected.

We conclude Mr. Harrison does not show extraordinary and compelling reasons for compassionate release. We need not reach the section 3553(a) factors.[23]

### III. Conclusion

We appreciate Mr. Harrison is not asking for an immediate release from Judge Tucker's considered sentence; reducing this lengthy sentence by six months would be warranted if he could show extraordinary and compelling reasons for early release. But we just cannot alter a considered sentence absent extraordinary and compelling reasons. We deny Mr. Harrison's motion for compassionate release.

---

[1] ECF 64.

[2] We today review Mr. Harrison's third motion for compassionate release. Judge Tucker denied his first motion (ECF 95) seeking release during the COVID-19 pandemic. ECF 114. We denied Mr. Harrison's second motion (ECF 141) seeking release based on a change in sentencing law. We explained to Mr. Harrison he cannot seek relief under section 1B1.13(b)(6) of the Sentencing Guidelines because he is serving a shorter term of imprisonment than he would receive today if we applied Congress's mandatory minimum sentences under 18 U.S.C. § 924(c). ECF 157.

[3] ECF 165.

[4] *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

[5] 28 U.S.C. § 994(t).

[6] USSG § 1B1.13

[7] *Id.* § 1B1.13(a).

[8] *Id.* § 1B1.13(b)(1)–(6).

[9] *United States v. Rutherford*, 120 F.4th 360, 375 (3d Cir. 2024).

[10] USSG § 1B1.13(b)(5).

[11] ECF 163 at 3–4.

[12] USSG § 1B1.13(b)(2).

[13] *Id.* § 1B1.13(b)(1).

[14] *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

[15] We may not grant Mr. Harrison's request for transfer to a halfway house. The Bureau of Prisons has the sole authority over an incarcerated person's placement, including home confinement. *See* 18 U.S.C. § 3621(b) ("[a] designation of a place of imprisonment under this section is not reviewable by any court.") *Id.*

[16] *See* ECF 114.

[17] *Id.* at 2.

[18] ECF 64. A challenge to the Bureau of Prison's execution of a sentence is properly brought under 28 U.S.C. § 2241. *Burkey v. Marberry*, 556 F.3d 142, 146 (3d Cir. 2009).

[19] ECF 114.

[20] *Andrews*, 12 F.4th at 260-61.

[21] 28 U.S.C. § 994(t).

[22] USSG § 1B1.13(d); *United States v. Stewart*, 86 F.4th 532, 535-36 (3d Cir. 2023).

[23] *Rutherford*, 120 F.4th at 364.