**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 12-192-1** |
| | : | |
| **JEFFREY HARRISON** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                                                                **June 26, 2026**

The incarcerated Jeffrey Harrison asks us, for a fourth time, to reduce his 224-month sentence imposed by Judge Tucker in May 2013. He again seeks compassionate release arguing he presents extraordinary and compelling reasons for us to reduce his sentence by four months. He asks we consider a combination of his age, time served, family circumstances, the terms of his plea agreement are based on "factors that are no longer the law," and his rehabilitation as extraordinary and compelling reasons for a reduction in sentence. Mr. Harrison does not offer sufficient basis to find extraordinary and compelling reasons for us to alter his sentence and release him four months earlier. We deny his motion for compassionate release without prejudice.

## I.  Facts

Jeffrey Harrison pleaded guilty to Hobbs Act robbery and use of a firearm during a crime of violence. Judge Tucker sentenced him in May 2013 to a 224-month term of imprisonment followed by five years of supervised release.[1] Mr. Harrison has served approximately 192 months with good conduct credit, close to ninety percent of his term.[2]

Mr. Harrison, now over seventy-two-years-old, moves for compassionate release for a fourth time asking us to reduce his sentence by four months.[3] He asserts extraordinary and compelling reasons based on his age, the amount of time served, family circumstances including his mother's advanced age and his brother's terminal illness, he agreed to a plea agreement on a

no-longer existing stacking provision, and his rehabilitation, including participation in the Life Connection Program.[4] The United States opposes his Motion.[5]

## II. Analysis

Congress through the First Step Act allows incarcerated persons to move for compassionate release if we find sentence reduction is "(1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors of 18 U.S.C. § 3553(a), to the extent they are applicable."[6]

Congress delegated to the Sentencing Commission the responsibility of "promulgating general policy statements" regarding sentence modification in section 3582(c)(1)(A) of the Act; the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction."[7]

The Commission's policy statement is contained in section 1B1.13 of the United States Sentencing Commission Guidelines.[8] The policy statement allows for a reduction in sentence if, after considering the factors in section 3553(a), to the extent applicable, we determine extraordinary and compelling reasons warrant the reduction, or the defendant is at least seventy years old and served at least thirty years in prison, the defendant is not a danger to the safety or any other person or the community under section 3142(g), and the reduction is consistent with the Commission's policy statement.[9] The Sentencing Commission defines "extraordinary and compelling reasons" to include certain medical circumstances, age, family circumstances, whether the defendant is a victim of abuse, "other reasons," or an unusually long sentence.[10] The Commission's policy statements are "generally binding" on us.[11]

Mr. Harrison seeks release under section 1B1.13(b)(5)'s catchall "other reasons" for a sentence reduction where he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."[12] Paragraphs (1) through (4) include medical circumstances, age, family circumstances, and victim of abuse as within the scope of extraordinary and compelling.

Mr. Harrison argues we should consider a constellation of reasons which, taken together, are extraordinary and compelling reasons for a reduction in sentence: his age, the amount of time served, possible release to a halfway house, the age and medical condition of his mother, his brother's terminal illness, his plea agreement based on a stacking provision no longer valid, his completion of the Life Connection Program including course study, independent study, and community service, and his general rehabilitation and infraction-free conduct while incarcerated.[13]

The United States responds Mr. Harrison does not meet extraordinary and compelling reasons for relief; he did not assert age-related conditions identified in the Guidelines which may be a basis of consideration, service of the imposed sentence is an ordinary (not extraordinary) circumstance, he did not allege he is the only available caretaker for his aged and infirm mother, and he may apply to the Bureau of Prisons for a thirty-day furlough to visit his ailing brother, any challenge to the validity of his sentence is not a basis for compassionate release, and we already found rehabilitation, including participation in the Life Connections Program is not a basis for compassionate release.[14] We agree with the United States and deny Mr. Harrison's motion without prejudice.

### A. Mr. Harrison's age does not warrant compassionate release today.

Mr. Harrison is over seventy-two years old and asks us to consider his age as a basis for a four-month reduction in sentence. We may reduce a term of imprisonment if we determine "extraordinary and compelling reasons warrant the reduction" *or* the defendant is at least seventy years old and served at least thirty years in prison for the offense for which he is imprisoned, *and* is not a danger to the safety of any other person or to the community, *and* the reduction is consistent with the Sentencing Commission's policy statement at section 1B1.13.[15]

Mr. Harrison argues his age is an extraordinary and compelling reason. The Sentencing Commission's policy recognizes age as an extraordinary and compelling reason where a defendant is at least sixty-five-years-old, is experiencing a "serious deterioration in physical or mental health because of the aging process," and "served at least 10 years or 75% of his term of imprisonment, whichever is less."[16]

Mr. Harrison does not currently assert a serious deterioration in physical or mental health because of the aging process. In his last motion, Mr. Harrison argued his high blood pressure and high cholesterol, conditions increasing the risk of heart attack and stroke, coupled with his age and confinement, constitute extraordinary and compelling reasons for a reduction in sentence.[17] We considered his argument and concluded Mr. Harrison is receiving treatment for hypertension and high cholesterol, he did not show a "serious deterioration" in his physical or mental health because of the aging process, and he did not otherwise demonstrate he is suffering from a terminal illness.[18]

Mr. Harrison's latest motion did not assert his medical condition, either connected to the aging process or because of a terminal illness, constitutes and extraordinary and compelling reason as identified in the Sentencing Commission's policy statement. His age does not constitute a basis for a reduction in sentence.

### B. Amount of time served is not a sufficient grounds for compassionate release.

Mr. Harrison served approximately ninety percent of his sentence to date. He seeks a four-month reduction in sentence and advises his case manager at his place of incarceration at FCI Milan, Michigan, submitted a request for release to a halfway house and a four-month reduction will allow the case manager to "ask for a possible earlier date."[19]

We explained in our Memorandum denying Mr. Harrison's last motion for compassionate release, the duration of a lawfully imposed sentence does not create an extraordinary and compelling circumstance.[20] Mr. Harrison's service of over ninety percent of his sentence is not an extraordinary and compelling reason for a reduction in sentence.

### C. Mr. Harrison's asserted family circumstances do not constitute extraordinary and compelling reasons for compassionate release.

Mr. Harrison seeks a reduction in sentence based on two asserted family circumstances; his mother is eighty-nine years old and he would like to see her before her death and his brother is suffering with a terminal cancer, is in a nursing home, and he would like to see his brother before his brother's death.[21]

The Sentencing Commission's policy statement defines family circumstances as an extraordinary and compelling reason for compassionate release where "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" and where "defendant establishes circumstances … involving any other immediate family member … when the defendant would be the only available caregiver for such family member …"[22]

Mr. Harrison did not assert his mother's incapacitation and he is the only available caregiver for her or he is the only available caregiver for his brother. The United States points out Mr. Harrison may apply to the Bureau of Prisons for a furlough of up to thirty days allowing him, within the Bureau's discretion, "for the purpose of … visiting a relative who is dying."[23]

Mr. Harrison does not demonstrate extraordinary and compelling reasons for a reduction in sentence based on family circumstances.

### D. A change in the law from the time of his guilty plea is not a basis for compassionate release.

We explained to Mr. Harrison in our earlier Memorandum denying his last motion for compassionate release, a disparity in sentencing or challenge to the validity of his sentence is more properly raised in a timely section 2255 habeas petition and not through a motion for compassionate release.[24] Mr. Harrison returns with a similar argument in support of his current motion. He clarifies he is not basing his current motion on an unusually long sentence or sentence disparity.[25] He instead argues his plea agreement is based on a stacking agreement which no longer exists and exposed him to a higher sentence under the Sentencing Guidelines.[26]

The United States responds this is really a challenge by Mr. Harrison his sentence might be lower under current law, we already rejected this argument in our last Memorandum, and the United States Supreme Court last month held a challenge to the validity of a conviction through a compassionate release motion circumvents the requirements of a habeas petition under section 2255.[27]

The Court's recent decision in *Fernandez* confirms our reasoning. The Court in *Fernandez* rejected Mr. Fernandez's motion for compassionate release based on a challenge to his sentence, holding an invalidity of a conviction is not "among the 'extraordinary and compelling reasons'" justifying compassionate release.[28] The Court explained the "'Compassionate Release' [statute] … highlights its focus on granting mercy rather than righting legal wrongs," citing the statute's focus on a defendant's personal circumstances like age, safety risk, illness, rehabilitation, "and the like."[29] The Court explained compassionate release cannot be used as a "vehicle for attacking the validity of a conviction" because the Bureau of Prison's role does not include evaluation of legal

6

arguments.[30] The terms "extraordinary and compelling" leave room for judgment "but not so flexible as to encompass any consideration."[31]

We follow the Court's guidance. Mr. Harrison's argument regarding the state of the law at the time of his plea agreement which might be lower now does not create extraordinary or compelling circumstances.

### E. Rehabilitation alone does not an extraordinary and compelling reason for compassionate release.

Mr. Harrison again raises his rehabilitation efforts and progress, but candidly admits "[n]othing has really changed from the filing of [his] last motion."[32] For the reasons already explained, while we commend Mr. Harrison's efforts toward rehabilitation, it alone "shall not" be considered an extraordinary and compelling reason for compassionate release.[33] The Sentencing Commission's policy statement instructs rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."[34] Even considering his efforts at rehabilitation in combination with the other bases for compassionate release he asserts, his age alone, time served, family circumstances not meeting the policy statement, and challenge to his plea agreement based on a change in law do not qualify as extraordinary and compelling reasons for compassionate release.[35]

We conclude Mr. Harrison does not show extraordinary and compelling reasons for compassionate release. We need not reach the section 3553(a) factors.[36]

### III. Conclusion

We deny Mr. Harrison's motion without prejudice.

---

[1] ECF 64.

---

[2] ECF 173 at 3, § III.B. Neither Mr. Harrison nor the United States provide us with Mr. Harrison's minimum release date. As of our October 31, 2025 Memorandum and Order denying his Motion for compassionate release, Mr. Harrison had a minimum release date of January 13, 2028.

[3] 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Harrison moved for compassionate release in July 2024 (ECF 141), October 2025 (ECF 163), and for reconsideration our denial of his October 2025 Motion (ECF 169). We denied his motions by Orders dated August 19, 2024 (ECF 157), October 31, 2025 (ECF 166, 167), and November 20, 2025 (ECF 170).

[4] ECF 173.

[5] ECF 175.

[6] *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)); *Fernandez v. United States*, 608 U.S. ---, 146 S.Ct. 1292, 1303–04 (May 28, 2026) (addressing "extraordinary and compelling reasons" under section 3582(c)(1)(A) in the context of a collateral attack to the validity of a conviction).

[7] 28 U.S.C. § 994(t).

[8] USSG § 1B1.13

[9] *Id.* § 1B1.13(a).

[10] *Id.* § 1B1.13(b)(1)–(6).

[11] *United States v. Rutherford*, 120 F.4th 360, 375 (3d Cir. 2024), *aff'd* 608 U.S. ---, 146 S.Ct. 1320 (May 28, 2026).

[12] USSG § 1B1.13(b)(5).

[13] ECF 173 at 3–6.

[14] ECF 175.

[15] USSG § 1B1.13(a)(1)(A), (B).

[16] USSG § 1B1.13(b)(2).

[17] ECF 163.

[18] ECF 166.

[19] ECF 173 at 3, § III.B.

[20] *United States v. Rodriguez*, No. 23-1646, 2023 WL 4077341, at *2 (3d Cir. June 20, 2023) (citing *Andrews*, 12 F.4th at 260–61).

[21] ECF 173 at 4, § III.C.

[22] USSG 1B1.13(3)(C), (D). Subsection 1B1.13(3) identifies other family circumstances involving care for a defendant's minor child or incapacitated child or spouse not relevant here.

[23] 18 U.S.C. § 3622(a)(1).

[24] ECF 166.

[25] ECF 173 at 5, § III.D.

[26] *Id.*

[27] *Fernandez*, 146 S.Ct. at 1301.

[28] *Id.* at 1302.

[29] *Id.* at 1303.

[30] *Id.* at 1303–04.

[31] *Id.* at 1307 (quoting *Rutherford*, 146 S.Ct. at 1320).

[32] ECF 173 at 6, § III.F.

[33] ECF 166 (quoting 28 U.S.C. § 994(t)).

[34] USSG §1B1.13(d).

[35] *See e.g. United States v. Nakchbandi*, No. 22-248-1, 2026 WL 1676381 at *4-5 (E.D. Pa. June 10, 2026) (rehabilitation alone does not constitute an extraordinary and compelling reason for compassionate release or in combination with other proffered reasons not satisfying the relevant guidelines) (collecting cases).

[36] *United States v. Stewart*, 86 F.4th 532, 533 (3d Cir. 2023) (if the district court finds reasons for compassionate release exists, "it then turns to the sentencing factors in 18 U.S.C. § 3553(a) to determine whether compassionate release is appropriate") (citing 28 U.S.C. 3582(c)(1)(A)(i)).